# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FARRAH PIRAHANCHI NAZEMI,<br><br>           Debtor, | Case No. 20-cv-00094-BAS-WVG<br><br>**ORDER GRANTING UNITED STATES TRUSTEE'S MOTION TO DISMISS APPEAL AS UNTIMELY**<br><br>**[ECF No. 3]** |
| FARRAH PIRAHANCHI NAZEMI,<br><br>           Appellant,<br><br>     v.<br><br>TIFFANY L. CARROLL, ACTING UNITED STATES TRUSTEE,<br><br>           Appellee. | |

Appellant Farrah Pirahanchi Nazemi filed this bankruptcy appeal on January 13, 2020. (ECF No. 1.) The United States Trustee moved to dismiss the appeal as untimely on February 18, 2020. (United States Trustee's Mot. to Dismiss Untimely App. ("Mot."), ECF No. 3.) The Court ordered appellant to file an opposition to the Motion by April 15, 2020. (ECF No. 4.) Ms. Nazemi filed a response on April 17, 2020. (Mot. to Resp. due to Good Faith Filings and to Stay and Vacate the Mot. to Dismiss ("Resp."), ECF No. 6.) The Court finds this motion suitable for determination on the papers submitted and without

oral argument. *See* CivLR 7.1(d)(1). For the following reasons, the Court **GRANTS** the Motion.

## I. LEGAL STANDARD

District courts have jurisdiction to hear appeals from a bankruptcy court orders only if the appeal is taken "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Because "[t]he untimely filing of the notice of appeal is jurisdictional[,]" *In re Souza*, 795 F.2d 855, 857 (9th Cir. 1986), a court cannot consider a bankruptcy appeal that is filed after the deadline imposed by Rule 8002. *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 15 (2017) ("An appeal filing deadline prescribed by statute is considered 'jurisdictional,' meaning that late filing of the appeal notice necessitates dismissal of the appeal.").

Rule 8002(a)(1) provides that a notice of appeal must be filed within 14 days of the date of entry of the order appealed. An order is entered "when it is entered in the docket" as required by the Rules. Rule 8002(a)(5)(A)(i). An appellant can extend the time to appeal by filing a motion with the bankruptcy court within the 14-day time period or "within 21 days after that time, if the party shows excusable neglect." Rule 8002(d)(1)(A)–(B); *see In re Wilkins*, 587 B.R. 97, 107 (B.A.P. 9th Cir. 2018) (request under Rule 8002(d)(1)(B) must be filed within 14 days or 35 days where there is excusable neglect shown). Once time has expired to request an extension, however, the order may no longer be appealed even upon showing of excusable neglect. *See In re Golden, No. 18-CV-2359-GPC-RBB*, 2018 WL 6601615, at *1 (S.D. Cal. Dec. 17, 2018), *appeal dismissed sub nom. Golden v. Kipperman*, No. 19-55005, 2019 WL 1503062 (9th Cir. Feb. 22, 2019) (citing *Moore v. Hogan*, 851 F.2d 1125, 1126–27 (8th Cir. 1988)).

## II. ANALYSIS

Here, Ms. Nazemi appeals from a bankruptcy court order dismissing her case with prejudice dated December 20, 2019. (Not. of App. from Bankr. Court ("Not."), ECF No. 1; *In Re Farrah Pirahanchi-Nazemi*, Case No. 19-05758-LT7 (Bankr. S.D. Cal., Sept. 26, 2019), ECF No. 49.) She was therefore required to appeal the decision by January 3, 2020.

Ms. Nazemi did not move before the bankruptcy court to extend the time to file her appeal within the 14-day time period during which she was required to file her appeal, nor did she attempt to do so within 21 days by showing excusable neglect.[1]  (*See generally*, Dkt. For *In Re Farrah Pirahanchi-Nazemi*.)  Accordingly, the January 3, 2020 deadline remained the final date to appeal the bankruptcy action.  However, Ms. Nazemi filed her notice of appeal one week later on January 10, 2020.  (Not.)

Ms. Nazemi's Notice of Appeal of the Bankruptcy Court's order is therefore untimely under Rule 8002.  As such, her action before this Court must be dismissed.  *See Anderson v. Mouradick (In re Mouradick)*, 13 F.3d 326, 327 (9th Cir. 1994) ("[T]he untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order."); *see also In re Ozenne*, 841 F.3d 810, 814 (9th Cir. 2016) (holding that the Bankruptcy Appellate Panel lacked jurisdiction to consider any appeal because the appellant did not file a timely appeal).

## III.  CONCLUSION AND ORDER

Accordingly, the Court **GRANTS** the United States Trustee's Motion to Dismiss this appeal as untimely (ECF No. 3).  The Clerk is instructed to close this case.

**IT IS SO ORDERED.**

**DATED:  April 28, 2020**

Hon. Cynthia Bashant
United States District Judge

---

[1] In her response to the Motion to Dismiss, Ms. Nazemi claims the foreclosure of her home is unconstitutional and repeatedly states that her appeal was taken in good faith, (Resp. at 2–3.) She does not dispute or otherwise address the Trustee's claim that her appeal is untimely or her failure to timely seek any extensions of the deadline to appeal. However, even if she had, such representations would have been irrelevant because the 21-day period to seek an extension on the basis of excusable neglect expired long before Ms. Nazemi filed her response. *See In re Golden,* 2018 WL 6601615, at *1.